**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| KIMBERLY PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case: 2:20-cv-418 |
| | ) | |
| VALPARAISO CARE AND | ) | |
| REHABILITATION CENTER, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, EagleCare, LLC ("EagleCare"), by counsel, hereby gives notice of the removal of the state court action currently pending in the Porter Superior Court, County of Porter, State of Indiana, under Cause Number 64D05-2006-CT-004133, captioned as *Kimberly Perez v. Valparaiso Care and Rehabilitation Center, LLC* (the "State Court Action") to the United States District Court for the Northern District of Indiana, Hammond Division, upon the following grounds:

1.  On October 20, 2020, Plaintiff filed a motion in the State Court Action seeking leave to file an amended complaint naming EagleCare as the defendant, instead of Valparaiso Care and Rehabilitation Center, LLC ("Valparaiso LLC"), a wholly unrelated entity she originally named as the defendant. Plaintiff tendered a proposed complaint against EagleCare, as an exhibit to her motion and sent the undersigned counsel for EagleCare a "courtesy copy" of a summons directed to EagleCare, the motion to amend, and the second amended complaint which had been tendered.

1

2. Given that no one appeared for Valparaiso LLC and no responsive pleading to Plaintiff's original Complaint has been filed, no motion for leave was necessary under the Indiana Rules of Trial Procedure and the proposed complaint against EagleCare may be deemed filed as a matter of law. Therefore, out of an abundance of caution, EagleCare files its Notice of Removal now, within 30 days after receiving a copy of the initial pleading against it. The undersigned counsel for EagleCare offers further explanation and context below.

3. Plaintiff, Kimberly Perez, was employed by EagleCare, an Indiana limited liability company. She worked for EagleCare at a facility called Valparaiso Care and Rehabilitation Center in Valparaiso, Indiana.

4. On or about July 2, 2018, Plaintiff, represented by her then counsel, dual filed a charge of a charge of discrimination against "Valparaiso Care and Rehabilitation Center" with the Indiana Civil Rights Commission, as Charge No. EMsh18070368, and the Equal Employment Opportunity Commission (EEOC), as Charge No. 24F-2018-01795, alleging sexual harassment/sex discrimination. On or about July 6, 2018, Plaintiff filed a separate charge with the EEOC, alleging sexual harassment/sex discrimination and retaliation against "Valparaiso Care and Rehabilitation Center," as Charge No. 470-2018-03166. Both Charges were assigned to and investigated by the ICRC.

5. The undersigned counsel for EagleCare appeared on behalf of the Respondent and informed the ICRC, EEOC, and Plaintiff's then-counsel, that "Valparaiso Care and Rehabilitation Center" was not Plaintiff's employer, nor was it a legal entity, but rather, "Valparaiso Care and Rehabilitation Center" was the name of the facility where Plaintiff worked. The undersigned counsel further explained that Plaintiff's employer was EagleCare, that the

facility at which Plaintiff worked was managed by American Senior Communities, LLC ("ASC"), an affiliate of EagleCare, and that EagleCare and ASC are separate legal entities.

6. On March 5, 2019, the undersigned counsel sent Plaintiff's then-counsel a copy of Plaintiff's 2018 W-2, in response to his request for the same, which clearly identifies EagleCare as Plaintiff's employer.

7. On September 9, 2019, the ICRC issued separate findings of no probable cause. Plaintiff appealed, and on January 2, 2019, the ICRC upheld the findings and orders of dismissal with prejudice. On March 12 and 13, 2020, the EEOC adopted the findings of the ICRC and issued notices of right to sue.

8. On June 9, 2020, Plaintiff, represented by her current counsel, filed the State Court Action against Valparaiso LLC. Valparaiso LLC is not, and has never been, affiliated with EagleCare or ASC. It is an old operating company, completely unaffiliated with EagleCare and ASC. Plaintiff eventually served a summons and the Complaint on the resident agent for Valparaiso LLC, Attorney Janet McSharar, on or about August 4, 2019; however, no one appeared in the State Court Action on behalf of Valparaiso LLC or filed a responsive pleading.

9. After learning that Valparaiso LLC had been served with the Complaint, the undersigned counsel for EagleCare and ASC informed Plaintiff's counsel that they had sued the wrong defendant and that Valparaiso LLC was a separate entity, not affiliated in any way with EagleCare or ASC, and was likely defunct. The undersigned counsel reiterated that EagleCare was Plaintiff's employer, as has been explained in the administrative proceedings, including in Respondent's position statement, and suggested that Plaintiff's counsel simply amend the complaint to name EagleCare (given that no one had appeared or answered on behalf of Valparaiso LLC) and send a summons directed to EagleCare so that the matter could proceed

3

against the correct defendant.  A true and accurate copy of the undersigned counsel's email to Plaintiff's counsel is attached as Exhibit 1.

10. Rather than filing an amended complaint simply naming EagleCare as the defendant, as Plaintiff had the right to do under Indiana Rule of Trial Procedure 15 since no one had appeared for Valparaiso LLC and filed a responsive pleading, the Plaintiff, on August 28, 2020, filed a *motion* to file an amended complaint.  Plaintiff requested leave to file an amended complaint against "American Senior Communities, LLC, d/b/a Eagle Care LLC, a/k/a Valparaiso Rehabilitation Center."

11. Upon learning of that motion, the undersigned counsel contacted Plaintiff's counsel and again explained to Plaintiff's counsel that ASC and EagleCare are two separate legal entities, that EagleCare is not a d/b/a of ASC, that EagleCare was Plaintiff's employer and that ASC was the manager of the facility where Plaintiff worked for EagleCare.  A true and accurate copy of the undersigned counsel's email to Plaintiff's counsel is attached as Exhibit 2.  The trial court had not yet ruled on Plaintiff's motion and Valparaiso LLC had not appeared and responded to the Complaint.  The undersigned suggested that Plaintiff simply file an amended complaint naming EagleCare as the defendant and send the amended complaint to the undersigned counsel for EagleCare, along with a summons directed to EagleCare.

12. Instead, Plaintiff's counsel filed another motion seeking leave to file a second amended complaint. In that motion, Plaintiff *withdrew* the proposed first amended complaint and attached a proposed Seconded Amended Complaint as an exhibit. In the Second Amended Complaint, Plaintiff names EagleCare as the proposed defendant instead of Valparaiso LLC.

Plaintiff also sent the undersigned counsel a proposed summons, albeit an "alias" summons, directed to EagleCare.

13. Notice of the motion to amend the Complaint, the Second Amended Complaint, and the summons directed to EagleCare, was received by the undersigned counsel on October 20, 2020. A true and accurate copy of the notice, complaint and summons is attached as Exhibit 3.

14. In an effort to expedite a ruling on the pending motion to amend, the undersigned counsel appeared in the State Court Action on behalf of EagleCare and filed a notice specifically requesting that the Court deem the Second Amended Complaint filed. On November 18, 2020, staff of the Porter Superior Court 5 advised that the Court and the Clerk's office are short staffed for reasons related to COVID-19 and that rulings are taking longer than they otherwise would.

15. It is not clear whether or when the state court will rule on the motion, or whether a ruling is necessary. Because EagleCare now has notice of a complaint against it and EagleCare desires to timely remove the matter, EagleCare is filing this Notice of Removal. This Notice of Removal is being filed within thirty (30) days of when the undersigned counsel for EagleCare received the proposed complaint and summons against EagleCare.[1]

16. Pursuant to 28 U.S.C. § 1446(b), a true and accurate copy of the entire file maintained by the Porter County Clerk regarding the State Court Action is attached hereto as Exhibit 4, and is incorporated herein by reference, along with the pleadings and processes served on EagleCare, which (as noted above) are attached as Exhibit 3.

---

[1] In order to effectuate removal, EagleCare agrees to accept or waive service as of the filing of this Notice of Removal.

17. Because this Notice of Removal is filed within thirty (30) days of receipt of the Second Amended Complaint and/or summons upon EagleCare, it is timely under 28 U.S.C. § 1446(b).

18. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiff has presented federal questions under Title VII. Accordingly, this case is within the original jurisdiction of this Court and may be properly removed pursuant to 28 U.S.C. § 1441(a). Specifically, in paragraph 2 of the Second Amended Complaint, Plaintiff alleges that that Defendant was her employer for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"). In paragraph 19 of the Second Amended Complaint, Plaintiff alleges Defendant's discriminatory, harassing and retaliatory and tortious conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits including, income, and additionally subjected the Plaintiff to inconvenience, emotional distress, and other damages and injuries. In paragraph 20 of her Second Amended Complaint, Plaintiff states that the action arises under her federally protected rights under Title VII.

19. In paragraph 18 of the Second Amended Complaint, Plaintiff also contends that EagleCare negligently retained the male employee who allegedly harassed her and intentionally inflicted emotional distress on her. To the extent Plaintiff purports to state a state law claim for negligent retention and intentional infliction of emotional distress, this Court has pendant supplemental jurisdiction under 29 U.S.C. § 1367, because Plaintiff has alleged a common set of operative facts and the claim is part of the same case or controversy as the federal claims.

20. Written notice of this filing of this Notice of Removal is being served upon Plaintiff's counsel this date, and an Notice of Filing of Notice of Removal is being

simultaneously filed with the Porter County Superior Court, State of Indiana, as required by 28 U.S.C. § 1446(d).

21. Venue lies in the United States District Court, Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1446(a), because this action is being removed from the Porter County Superior Court, Porter County, State of Indiana.

22. The undersigned attorney has been authorized by EagleCare, whom she represents, to file this Notice of Removal and to accept or waive service of the Second Amended Complaint.

**VERIFICATION**

I AFFIRM, UNDER THE PENALTIES FOR PERJURY, THAT THE FOREGOING FACTUAL STATEMENTS ARE TRUE.

Dated: November 19, 2020                                          s/Debra A. Mastrian            ___
                                                                                    Debra A. Mastrian

WHEREFORE, Defendant, EagleCare LLC, by counsel, hereby removes the State Court Action to this Court and requests this Court to assume jurisdiction over the parties and proceed to final determination thereof.

        Respectfully submitted,

        s/ Debra A. Mastrian
        Debra A. Mastrian (17863-30)
        Suzanne S. Newcomb (20290-41)
        SmithAmundsen LLC
        201 North Illinois Street, Suite 1400
        Indianapolis, IN  46204
        Telephone:  (317) 464-4126;  Fax: (317) 464-4127
        Telephone:  (317) 464-4108; Fax:  (317) 464-4109
        Dmastrian@salawus.com
        Snewcomb@salawus.com

        Attorneys for proposed Defendant, EagleCare, LLC

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the above and foregoing was served upon the following individual by depositing same in the United States First Class Mail, postage prepaid, this 19th day of November, 2020:

  Christopher C. Myers
  Christopher C. Myers & Associates
  809 S. Calhoun Street, Suite 400
  Fort Wayne, IN  46802

        s/ Debra A. Mastrian
        Debra A. Mastrian